NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 4 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRED SEGAL, LLC, | No.   18-56093 |
| Plaintiff-counter-defendant-Appellee, | D.C. No.<br>2:16-cv-06653-VAP-E |
| v. | |
| CORMACKHILL, LP, | MEMORANDUM* |
| Defendant-counter-claimant-Appellant. | |

| | |
|---|---|
| FRED SEGAL, LLC, | No.   18-56169 |
| Plaintiff-counter-defendant-Appellant, | D.C. No.<br>2:16-cv-06653-VAP-E |
| v. | |
| CORMACKHILL, LP, | |
| Defendant-counter-defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted February 4, 2020

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

These cross-appeals arise from a trademark infringement action by Fred Segal, LLC, the owner of marks relating to the name "Fred Segal," against CormackHill, LP for use of the name on the Melrose Center ("the Center") in Los Angeles.

CormackHill appeals the district court's denial of summary judgment to CormackHill on Fred Segal, LLC's claims and grant of partial summary judgment in favor of Fred Segal, LLC on CormackHill's counterclaims, in which the district court found that CormackHill is not a third-party beneficiary to the License Agreement and its subsequent Radius Amendment. Fred Segal, LLC cross-appeals the district court's grant of final judgment in favor of CormackHill, based on its earlier partial denial of summary judgment in which it concluded that tenants of the Center who retained the right to use the Fred Segal mark could remain holdover tenants—with rights to the mark—indefinitely. Applying that conclusion as "law of the case," the district court denied prospective injunctive relief to Fred Segal, LLP and granted final judgment for CormackHill. Because the parties are familiar with the facts of this case, we do not further repeat them here.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1. The district court did not err in granting partial summary judgment to Fred Segal, LLC and denying summary judgment to CormackHill based on its conclusion that CormackHill was not a third-party beneficiary of the License Agreement and Radius Amendment. In considering whether a nonparty is a third-party beneficiary to a contract, California courts examine the contract and the relevant circumstances to determine "(1) whether the third party would in fact benefit from the contract, . . . (2) whether a motivating purpose of the contracting parties was to provide a benefit to the third party, and (3) whether permitting a third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties." *Goonewardene v. ADP, LLC*, 6 Cal. 5th 817, 830 (2019).

CormackHill undoubtedly benefits from the continued presence of the Fred Segal mark on signs at the Center, and from the Radius Amendment's exclusion of other uses of the Fred Segal mark in the surrounding area. But "[t]he circumstance that a literal contract interpretation would result in a benefit to the third party is not enough to entitle that party to demand enforcement." *Hess v. Ford Motor Co.*, 27 Cal. 4th 516, 524 (2002) (quoting *Neverkovec v. Fredericks*, 74 Cal. App. 4th 337, 348 (1999)); *see also Goonewardene*, 6 Cal. 5th at 830 (explaining that the parties "must have a motivating purpose to benefit the third party, and not simply knowledge that a benefit to the third party may follow").

The License Agreement does not have a "motivating purpose" to benefit CormackHill because the License Agreement expressly precludes CormackHill from succeeding to the rights CormackHill now seeks to enforce. The License Agreement grants the Licensee the right to use the Fred Segal mark on signs "within the physical boundaries of the Center." But it expressly precludes third-party purchasers of the Center, like CormackHill, from succeeding to the License: if the Center is sold outside the Brown Family, "such transferee shall not succeed to the rights of [the] Licensee hereunder." The License is instead granted "only to the extent Licensee [the Brown Family] owns and operates such Center."

CormackHill responds that an isolated clause of the License Agreement, which provides that "none of the signs in or about the Center shall be removed as a consequence of" a transfer outside the Brown Family, shows a motivating purpose to benefit third-party transferees like CormackHill. But the complete sentence makes clear its meaning:

> If the transferee is not a member of the Brown Family, the individual tenants shall retain all of their rights with respect to the Name and none of the signs in or about the Center shall be removed as a consequence of such transfer, but such transferee shall not succeed to the rights of Licensee hereunder.

Thus, read in context, tenants who secured the right to use the mark in connection with their lease retain that right if the Center is sold to someone outside the Brown Family. But the clause expressly precludes a transferee who is not a member of

4

the Brown Family from "succeed[ing] to the rights of [the] Licensee."  An intent to benefit any remaining tenants still using the Fred Segal mark is consistent with other provisions of the License Agreement that contemplate benefits to tenants who entered into separate license agreements with Fred Segal.  By contrast, no other provision of the License Agreement contemplates benefits for non-Brown Family owners of the Center.[1]

Nothing in the Radius Amendment alters this understanding.  The Radius Amendment contemplates the existence of a "Licensee" with the ability to waive the Amendment's restrictions.  It thus does not have a motivating purpose to benefit CormackHill, a non-Licensee who was expressly precluded from succeeding to the rights of the Licensee.

2.  The district court erroneously held that its denial of Fred Segal, LLC's partial motion for summary judgment operated as "law of the case," requiring it to grant final judgment to CormackHill.  In that motion, Fred Segal, LLC had sought a ruling that if tenants held over after their lease terms, and if by operation of California law they became month-to-month tenants, they would not similarly be

---

[1] CormackHill also argues that a holding that it is not a third-party beneficiary impermissibly burdens it with third-party obligations to maintain the signs for tenants.  But CormackHill is free to remove the signs of its own volition if it so desires; the License Agreement says only that when the Center is transferred outside of the Brown Family, the signs might stay to the extent a remaining tenant's license has not expired.

entitled to month-to-month extensions of their licenses to use the Fred Segal mark. But rejection of Fred Segal's position at summary judgment was not law of the case requiring the district court to conclude that such holdover tenants, if any, would be entitled to retain licensing rights on a month-to-month basis indefinitely.[2]

"[T]he denial of a summary judgment motion is never law of the case because factual development of the case is still ongoing." *Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014) (en banc). CormackHill argues that the district court nonetheless intended its legal ruling to be final, but a denial of summary judgment is not law of the case even when the court "clearly intended to decide the issues at hand." *Id.* While the district court noted that its ruling was not based on "a dispute of material fact," the denial of summary judgment is simply "a ruling that [a party] could hypothetically prove some set of facts that would support his claim," not a conclusive determination of that claim. *Id.* Thus, the district court's summary judgment ruling does not preclude Fred Segal, LLC from providing new or different evidence and law to support its argument.

Because the district court erroneously believed that it was bound by the law of the case in determining that prospective injunctive relief was speculative, we

---

[2] The district court clearly referred to its law of the case reasoning in holding that prospective injunctive relief was speculative. And Fred Segal, LLC properly prayed for injunctive relief in its Complaint.

reverse the entry of final judgment and remand for further proceedings. *See United States v. Lummi Nation*, 763 F.3d 1180, 1187–88 (9th Cir. 2014).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Costs on appeal are awarded to Fred Segal, LLC.